Christina Olson
*Counsel of Record*
COVINGTON & BURLING LLP
The New York Times Building
620 8th Avenue
New York, NY  10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
colson@cov.com

Attorney for Plaintiff
THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TONY VECINO and AAA AUTO BODY SHOP, INC.,**<br><br>**Defendants.** | **Civil Case No.:** _____<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff, The American Automobile Association, Inc., ("AAA"), brings this Verified Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendants Tony Vecino and AAA Auto Body Shop, Inc. (collectively "Defendants"). AAA's principal place of business is 1000 AAA Drive, Heathrow, Florida 32746. On information and belief, Defendants' principal place of business is 551 Williamstown Road, Sicklerville, New Jersey 08081. AAA alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), New Jersey state law, N.J.S.A. §§ 56:3-13.16 and 56:4-1, and common law, and for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and New Jersey state law, N.J.S.A. 56:3-13.20.  AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's trademarks in their business name.

2.      This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks ("AAA Marks").  Specifically, Defendants have used and continue to use the AAA Marks in connection with their operation of an automobile repair service, AAA Auto Body Shop, Inc., without authorization and with full knowledge that they are not authorized to use those marks.

3.      Defendants' unlawful use of the AAA Marks is likely to cause—and in fact already may have caused—consumers to believe that AAA has endorsed Defendants' services, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4.      Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus have diluted the distinctive quality of the Marks.  Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5.      In addition, on information and belief, Defendants have intentionally profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in New Jersey to their benefit, and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## THE PARTIES

6.      Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its more than 50 million members with products and services throughout the United States and Canada, including New Jersey.  AAA's services include travel and automobile products and services (including automobile repair services at its AAA Car Care Centers and through AAA Approved auto repair businesses), financial advice, insurance and warranty coverage, and discounts.  AAA provides its products and services through local AAA member clubs, including AAA South Jersey.

7.      On information and belief, Defendant AAA Auto Body Shop, Inc. is a corporation organized and existing under the laws of New Jersey, with its principal place of business in Sicklerville, New Jersey.

8.      On information and belief, Defendant Tony Vecino is the owner of AAA Auto Body Shop, Inc.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337, and 1338.  This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

10.    On information and belief, Defendants are subject to personal jurisdiction within the District of New Jersey because Defendants conduct business in this District.

11.    Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## FACTS ENTITLING AAA TO RELIEF

### A.    AAA's Widespread and Substantial Use of Its Registered AAA Marks

12.    Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is based largely on the quality and reliability of the products and services it offers through its AAA local clubs.

13.    Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as an advocate for travel safety and road improvement.  Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

14.    AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

15.    AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services.  As a result of this use, the AAA Marks have become famous in the United States, including in New Jersey, and throughout the world in connection with these products and services.

16.    Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and

4

the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

17.     As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States and throughout the world. Specifically, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

18.     AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 100 trademarks, which AAA has used since at least 1902, in connection with the products and services offered to its members.  The federal registrations Defendants are violating are:

a)     Reg. No. 829,265, for the AAA Mark, used in connection with automobile association and emergency roadside services;

b)     Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services;

c)     Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with automobile association and emergency roadside services;

d)     Reg. No. 3,426,468, for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services; and

e)     Reg. No. 3,604,164, for the AAA TOTAL REPAIR CARE Mark, used in

connection with arranging for motor vehicle diagnosis and repair services. Copies of the registration certificates for the above marks are available on the United States Patent and Trademark office website: http://www.uspto.gov.

19.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

**B.     Defendants' Unlawful Use of Plaintiff's AAA Marks**

20.     AAA has never authorized Defendants to use its AAA Marks.

21.     Nevertheless, on information and belief, Defendants knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Auto Body Shop after Plaintiff's AAA Marks had become famous in New Jersey, the United States, and abroad.

22.     AAA learned of Defendants' unauthorized use of its AAA Marks in or around November 2014.

23.     On December 19, 2014 and January 15, 2015, AAA sent letters by certified mail to Defendants' principal place of business, requesting that Defendants discontinue use of the AAA Marks.

24.     Defendants did not reply.

25.     On information and belief, at the time Defendants' infringing use of the AAA Marks began and at all times thereafter, Defendants have known, or had reason to know, of AAA's rights in the AAA Mark, and have at all times known, or had reason to know, that those marks are famous and valuable.

6

26.     On information and belief, Defendants knowingly and for profit engaged in the infringing use to attract consumers, knowing that consumers would wrongly believe that the use was sponsored or endorsed by, or associated or affiliated with, AAA, and indeed already may have caused confusion among consumers.

27.     Defendants' infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

28.     Defendants' infringing use has lessened, and will continue to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and, thus, has diluted the distinctive quality of Plaintiff's AAA Marks.

29.     Further, on information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

30.     For the foregoing reasons, Defendants' infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I
### (Federal Trademark Infringement in Violation of Section 32 of the Lanham Act)

31.     AAA repeats and realleges the allegations set forth in paragraphs 1–30 of this Verified Complaint.

32.     Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

33.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

34.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

35.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT II
### (Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act)

36.     AAA repeats and realleges the allegations set forth in paragraphs 1–35 of this Verified Complaint.

37.     Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that likely caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by the Defendants.  This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

38.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

39.     Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

40.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT III
### (Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)

41.     AAA repeats and realleges the allegations set forth in paragraphs 1–40 of this Verified Complaint.

42.     Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by tarnishing the good reputation associated with the AAA Marks and seeking to derive a commercial benefit from the value and goodwill associated with the AAA Marks.

43.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

44.     Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

## COUNT IV
### (Trademark Infringement in Violation of New Jersey State Law)

45.     AAA repeats and realleges the allegations set forth in paragraphs 1–44 of this Verified Complaint.

46.     Defendants' acts violate Section 56:3-13.16 of the New Jersey Statutes Annotated, N.J.S.A. § 56:3-13.16.  The infringing use constitutes unconsented reproductions, copies, and/or colorable imitations of Plaintiff's AAA Marks in connection with the sale,

offering for sale, or advertising of services in a manner likely to cause confusion or mistake as to the source or origin of the services.

47.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

48.     Defendants' violation of N.J.S.A. § 56:3-13.16 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

49.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT V
### (Trademark Dilution in Violation of New Jersey State Law)

50.     AAA repeats and realleges the allegations set forth in paragraphs 1–49 of this Verified Complaint.

51.     Defendants' infringing use violates Section 56:3-13.20 of the New Jersey Statutes Annotated, N.J.S.A § 56:3-13.20.  Defendants' infringing use of the famous AAA Marks creates a likelihood of injury to AAA's business reputation and/or dilution of the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

52.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

53.     Defendants' violation of N.J.S.A. § 56:3-13.20 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT VI
### (Unfair Competition in Violation of New Jersey State Law)

54.     AAA repeats and realleges the allegations set forth in paragraphs 1–53 of this Verified Complaint.

55.     Defendants' infringing use violates Section 56:4-1 of the New Jersey Statutes Annotated, N.J.S.A § 56:4-1.  Defendants' infringing use constitutes an act of unfair competition through Defendants appropriating for their own use Plaintiff's AAA Marks and the goodwill and reputation associated with those Marks.

56.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

57.     As a proximate result of Defendants' actions, AAA has suffered and will continue to suffer damage to its business, reputation, and goodwill, in that consumers believe Defendants' services are associated with or endorsed by AAA.

58.     AAA and the general public have been, and continue to be, irreparably damaged by Defendants' violation of the New Jersey state law on unfair competition, and AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT VII
### (Unfair Competition and Trademark Infringement under Common Law)

59.     AAA repeats and realleges the allegations set forth in paragraphs 1–58 of this Verified Complaint.

60.     Defendants' deliberate and intentional actions constitute unfair competition in the form of trademark infringement of AAA's common law rights to exclusive use of the AAA Marks, in that the AAA Marks are inherently distinctive, and thus protectable as trademarks under common law.

61.     Defendants' actions as alleged above have created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of Defendants' business AAA Auto Body Shop, Inc., and constitute misappropriation of AAA's goodwill, in violation of New Jersey common law on unfair competition.

62.     As a proximate result of Defendants' actions, AAA has suffered and will continue to suffer damage to its business, reputation, and goodwill, in that consumers believe Defendants' services are associated with or endorsed by AAA.

63.     AAA and the general public have been, and continue to be, irreparably damaged by Defendants' violation of New Jersey common law on unfair competition, and AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

## **PRAYER FOR RELIEF**

WHEREFORE, AAA respectfully seeks the following relief:

1.     Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

(a)     Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

(b)     Using combination letter "A's" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2.     Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.     Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

4.     Require Defendants to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Auto Body Shop, Inc.;

5.     Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.     Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to

damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

7.     Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks.

8.     Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New Jersey law;

9.     Award prejudgment interest on all liquidated sums; and

10.    Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

February 11, 2015

Christina Olson
COVINGTON & BURLING LLP
The New York Times Building
620 8th Avenue
New York, NY  10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
colson@cov.com

Neil K. Roman
Ronald G. Dove
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
nroman@cov.com
rdove@cov.com

*Counsel for Plaintiff The American Automobile Association, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

February 11, 2015

Christina Olson
COVINGTON & BURLING LLP

15

## VERIFICATION

Under penalty of perjury, I, James G. Brehm, declare that I have read the foregoing

Verified Complaint, and that the factual statements alleged therein are true and correct to the best

of my knowledge and belief.

Executed on:  February 11, 2015                    By:

James G. Brehm
Corporate Counsel
The American Automobile Association, Inc.
1000 AAA Drive
Heathrow, Florida 32746